SO ORDERED.

Dated: August 22, 2013

Eddward P. Ballinger Jr., Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CASA de CAPRI ENTERPRISES, LLC<br>dba Capri at the Pointe Rehab,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:13-bk-14269-EPB<br><br>**INTERIM ORDER APPROVING DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS:**<br><br>(A) **AUTHORIZING USE OF CASH COLLATERAL;**<br>(B) **GRANTING ADEQUATE PROTECTION;**<br>(C) **AUTHORIZING POSTPETITION FINANCING ON A SENIOR SECURED BASIS;**<br>(D) **GRANTING RELATED RELIEF; AND**<br>(E) **SCHEDULING A FINAL HEARING**<br>AS AMENDED BY THE COURT |

The Court having reviewed the *Debtor's Emergency Motion for Interim and Final Orders: (A) Authorizing Postpetition Financing on a Senior Secured Basis; (B) Authorizing Use of Cash Collateral; (C) Granting Adequate Protection; (D) Granting Related Relief; and (E) Scheduling a Final Hearing* (the "Motion") filed by Casa de Capri Enterprises, LLC dba Capri at the Pointe Rehab ("Casa de Capri"), the *Declaration of Gregory S. Anderson in Support of Chapter 11 Petition and First Day Motions*, *Debtor's Emergency Motion for Order Expediting Hearing on Accelerated Notice with Respect to First Day Matters*, and the Motion having come before the

1  Court for expedited hearing on August 21, 2013, and the Court finding that good and

2  sufficient notice of the Motion has been given under the circumstances and that no

3  objections to the Motion have been filed, and good cause appearing therefor,

4  **IT IS HEREBY ORDERED:**

5  1.  Approving the relief requested in the Motion;

6  2.  Pursuant to Sections 362 and 363 of the Bankruptcy Code, authorizing the

7      Debtor's use of the cash on hand, cash proceeds of pre-petition collateral

8      and other cash that may constitute the Pre-petition Secured Lenders' Cash

9      Collateral for the payment of the expenses listed on the Budget attached as

10     Exhibit "A," "B" including payroll, exclusive of insiders, and rent for the

11     Debtor's facility.

12 3.  Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code,

13     approving the Debtor's offer of adequate protection to the Pre-Petition

14     Secured Creditors in the form of payments from the receivables, which

15     can be collected within the first sixty (60) days of the filing of the case.

16 4.  Pursuant to Bankruptcy Code Section 363 (c) and (d), authorizing the

17     Debtor to enter into the DIP Loan in the principal amount not to exceed

18     $200,000, with interim funding in an amount sufficient to fund payroll

19     due August 20, 2013 to non-insiders, pursuant to the terms and conditions

20     of the DIP Commitment Letter attached hereto as Exhibit "B," "A" and

21     incorporated herein for all purposes.

22 5.  Granting Fay Enterprises, Inc. or its affiliate ("Lender") a perfected

23     senior, first-priority priming lien on any and all of Debtor's assets of any

24     nature or type whatsoever, acquired post-petition, including, without

25     limitation, accounts-receivables.

26

27

28

2

6. Authorizing the Debtor to enter into such loan documents as deemed appropriate by the Lender and to take such other action as is necessary to close the DIP Loan.

7. Authorizing the Debtor to borrow from the DIP Loan the amounts as are necessary to immediately pay the following expenses (i) payment of monthly premium for liability insurance of approximately $30,000, (ii) food for patient care, (iii) medical supplies for patient care, (iv) pharmacy costs for patient care, (v) direct therapy costs for patient care, and (vi) payroll expense, payroll tax and benefits for employees of the Facility, exclusive of insiders, all in accordance with the Budget attached hereto as Exhibit "A." "B"

8. Scheduling the Final Hearing on the Motion for September 3, 2013 at 10:00 a.m. at the United States Bankruptcy Court, 230 N. First Avenue, 7th Floor, Courtroom 703, Phoenix, Arizona, and requiring that any objections to the Interim Order be filed two (2) business days prior to the Final Hearing.

9. Directing counsel for the Debtor to immediately serve this Interim Order upon: (1) the Debtor's 20 largest unsecured creditors; (2) Counsel for the Lender; (3) the United States Trustee for the District of Arizona, (4) the Securities and Exchange Commission (5) the Internal Revenue Service (6) all Pre-Petition Secured Creditors (7) all other secured creditors of the Debtor, and (8) any lessor of property of the Debtor.

10. Automatically converting this Interim Order into a Final Order in the event that there are no objections filed to the Motion by the date referenced above in Paragraph 8.

**DATED AND SIGNED**
**AS SET FORTH ABOVE**

3