# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

|  |  |
|---|---|
| **Debtor:** | CASA DE CAPRI ENTERPRISES, LLC |
| **Case Number:** | 2:13-bk-14269-EPB  **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, SEPTEMBER 03, 2013 10:00 AM  7TH FLOOR #703 |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. |
| **Courtroom Clerk:** | LORRAINE DAVIS |
| **Reporter / ECR:** | ANNETTE AGUILAR |

## Matters:

1) CONTINUED HEARING ON DEBTOR'S MOTION FOR INTERIM & FINAL ORDERS AUTHORIZING POST PETITION FINANCING ON A SENIOR SECURED BASIS, AUTHORIZING USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION, GRANTING RELATED RELIEF & SETTING OF FINAL HEARING
   **R / M #:** 4 / 0

2) CONTINUED HEARING ON DEBTOR'S MOTION ALLOWING DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS, TO CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM & EXISTING BUSINESS FORMS
   **R / M #:** 5 / 0

## Appearances:

MICHAEL W. CARMEL, ATTORNEY FOR CASA DE CAPRI ENTERPRISES, LLC
ED BERNATAVICIUS, ATTY UST
TAMALYN LEWIS, ATTY FAY ENTERPRISES
CARY FORRESTER, ATTY MICHELLE ANDERSON
PAUL SALA, ATTY APHERSIS CARE GROUP

# Minute Entry

(continue)...   2:13-bk-14269-EPB          TUESDAY, SEPTEMBER 03, 2013 10:00 AM

*Proceedings:*

ITEM # 1

Mr. Carmel brings the court up to date with regard to an issue that came up with Wells Fargo.  Right after the money was wired to the account, Wells Fargo froze the account causing payroll checks to not be honored or the checks bounced.  It took almost 48 hours to get the bank to unfreeze the account.  He expresses his frustration over the action by the bank and informs the court he is exploring remedies with regard to the costs incurred.  Counsel states that Fay funded the debtor and they have been able to function until today.  He reviews the status of the secured creditors and remind the court that the sale hearing is set for 9/18/13.  He states there are 47 patients as of this past Friday.  Heavy negotiations between Ms. Lewis, Mr. Forrester and the debtor have resulted in a stipulation.  He explains the terms and addresses the objection of Aphersis.  Mr. Carmel urges the court to approve the cash collateral motion and discussions regarding the court having jurisdiction of how the $100 thousand dollars will be disbursed and whether or not this is a priming lien ensue with the court.

Ms. Lewis makes it crystal clear that her client has a prepetition lien on the post petition receivables.

Mr. Forrester would like to see the sales hearing to be moved up to an earlier date.  He expresses his concerns to the court and reviews the cash collateral stipulation that has been entered into.

Mr. Sala objects and discusses his opposition with the court.  He does not believe the secured creditors are being adequately protected and there is not benefit to the unsecured creditors.  He would like the court to consider the appointment of a trustee or the possible conversion of the case.  He argues his position and discusses the various issues with the court.

Ms. Lewis replies in opposition to Mr. Sala's comments and urges the court to grant the use of cash collateral.

Mr. Bernatavicius advises the court that an unsecured creditors committee is being formed.  He addresses the privacy consumer ombudsman and has a call into the state to see if that option is an additional cost to the estate or if the state pays.  He does not want the hearing moved up and would like to see documentation regarding the receivables.  He does not believe it is proper to appoint a trustee and he is torn on the DIP financing issue.  He does not believe the sale will be a benefit to the estate.

Mr. Carmel replies to the various arguments of counsel.

COURT:  IT IS ORDERED directing the debtor to provide a budget that shows the expenditures up through now and the date of the sale.  The court also wants to see something that justifies the debtors confidence in the collectability of the receivables, such as historic collection rates.  This information is to be filed by the close of business on 9/4/13.

Ms. Lewis spoke with her client who has agreed to reduce their lien position from $200 thousand to

# Minute Entry

(continue)... 2:13-bk-14269-EPB          TUESDAY, SEPTEMBER 03, 2013 10:00 AM

$140 thousand and will be junior to the secured creditors.

Mr. Sala believes that will help get the parties closer and discusses his position with the court.

COURT:  IT IS ORDERED continuing this matter to 9/6/13 @ 10:00 a.m.

ITEM # 2

COURT:  IT IS ORDERED continuing this matter to 9/6/13 @ 10:00 a.m.