# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---:|---|
| **Debtor:** | CASA DE CAPRI ENTERPRISES, LLC |
| **Case Number:** | 2:13-bk-14269-EPB  **Chapter:** 11 |
| **Date / Time / Room:** | FRIDAY, SEPTEMBER 06, 2013 10:00 AM  7TH FLOOR #703 |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. |
| **Courtroom Clerk:** | LORRAINE DAVIS |
| **Reporter / ECR:** | ANNETTE AGUILAR |

## Matters:

1) CONTINUED HEARING ON DEBTOR'S MOTION FOR INTERIM & FINAL ORDERS AUTHORIZING POST PETITION FINANCING ON A SENIOR SECURED BASIS, AUTHORIZING USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION, GRANTING RELATED RELIEF & SETTING OF FINAL HEARING
   **R / M #:** 4 / 0

2) CONTINUED HEARING ON DEBTOR'S MOTION ALLOWING DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS, TO CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM & EXISTING BUSINESS FORMS
   **R / M #:** 5 / 0

3) EXPEDITED HEARING ON MOTION FOR APPOINTMENT OF PRIVACY OMBUDSMAN FILED BY U.S. TRUSTEE
   **R / M #:** 0 / 0

## Appearances:

MICHAEL W. CARMEL, ATTORNEY FOR CASA DE CAPRI ENTERPRISES, LLC
ED BERNATAVICIUS, ATTY UST
TAMALYN LEWIS, ATTY FAY ENTERPRISES
CARY FORRESTER, ATTY MICHELLE ANDERSON
PAUL SALA, ATTY APHERSIS CARE GROUP
DALE SCHIAN/MARK HUDSON, PROPOSED COUNSEL UCC
CHRISTOPHER SIMPSOM, ATTY STALKING HORSE BIDDER

Case 2:13-bk-14269-EPB   Doc 63   Filed 09/06/13   Entered 09/06/13 13:08:52   Desc
Main Document    Page 1 of 3

# Minute Entry

(continue)... 2:13-bk-14269-EPB      FRIDAY, SEPTEMBER 06, 2013 10:00 AM

## *Proceedings:*

ITEM # 1, 2 & 3

Mr. Carmel advises the court that an agreement that the entry of a final order regarding the DIP facility issue will be held over until the hearing on 9/18/13.  The unsecured creditors committee is on board now and the parties believe they will be able to reach an agreement on this matter.  The interim order is sufficient at this time.  The bank account motion has been resolved.  The existing accounts can stay in place and a separate DIP account will be established.  The parties will work on a determination of how the disbursements will work.  He will lodge an order.  He states that he is confident that an agreement will be reached with Mr. Sala's client which will result in the 90% interest rate will be lowered to 1.5% which will result in an increase of the equity cushion.  A stipulation will be filed with the court.  Counsel notes that there has been discussion about moving the sale hearing back, but he expresses his concern with regard to the burn rate.  He has no opposition to the appointment of a privacy ombudsman.

Mr. Bernatavicius addresses the motion to appoint a privacy ombudsman and clarifies issues with regard to the privacy policy.  No objections have been received. He concurs with the comments of Mr. Carmel with regard to the reduction of the interest rate.  He expresses his concerns regarding the administrative costs and notes that there is no carve out for the payment of the ombudsman, which by statute, is to be paid.  He discusses the issues with the court.  Counsel states the parties are working hard to try to reach an agreement on these issues.  He notes that there have been inquiries from other potential bidders and wants to be sure there is time for due diligence.

COURT:  IT IS ORDERED granting the motion for the appointment of a privacy ombudsman.
         Counsel may serve & lodge an order.

Mr. Schian states that he just came on board and notes the committee has been formed and he has spoken with counsel on the various issues.  He has a huge concern with regard to the burn rate, due diligence for potential bidders and the allocation of the sale proceeds.  He needs some time to get up to speed and does not want any final orders entered today.

Mr. Forrester informs the court he is on edge this morning and does not understand what is holding up the cash collateral order.  He reviews the various liens and discusses his position with the court.  He seeks immediate adequate protection and believes until then, the debtor should not spend another dollar.

Mr. Schian responds to counsels concerns and agrees that the existing secured creditors should have a replacement lien.

Mr. Carmel has no objection and notes there is an objection period for the entry of the final order.

Mr. Sala agrees with the comments of Mr. Carmel and does not believe there will be an issue in lowering the interest rate.  He discusses his position with the court.  He has no objection to the continued use of cash collateral or the replacement lien and reserves the right to object to the sale.

Case 2:13-bk-14269-EPB    Doc 63    Filed 09/06/13    Entered 09/06/13 13:08:52    Desc
Main Document      Page 2 of 3
09/06/2013  1:08:39PM

# Minute Entry

(continue)...    2:13-bk-14269-EPB          FRIDAY, SEPTEMBER 06, 2013 10:00 AM

Further discussions ensue between the parties and the court.  The court notes that it appears the parties need to reduce the various agreements to writing.  If there are unable to agree on any issue, they may call the court for a further hearing.

Ms. Lewis is agreeable to bumping the sales hearing.

The court states the final DIP financing is continued to the hearing on 9/18/13, the parties will be submitting an agreement with regard to the bank accounts and Mr. Bernatavicius' motion is granted.

Mr. Bernatavicius requests that the privacy ombudsman be permitted to provide an oral report to the court at the next hearing.  The court agrees.